UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------x

ODED STROBEL,
*individually and on behalf of a class,*

                           Plaintiff,

        vs.

PANTERIS & PANTERIS, LLP,
*a New York limited liability partnership*

                          Defendant.

--------------------------------------------------------x

**CV 12 5152**

**FILED**
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.

★    OCT 15 2012    ★

LONG ISLAND OFFICE

*IRIZARRY, J.*
J. ORENSTEIN, M.J.

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.     Plaintiff, ODED STROBEL ("Plaintiff") brings this action to secure redress against unlawful credit and collection practices engaged in by Defendant, PANTERIS & PANTERIS, LLP ("Defendant"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2.     The FDCPA broadly prohibits unfair or unconscionable debt collection methods; conduct which oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt. It also requires debt collectors to give debtors certain information. See, generally, 15 U.S.C. § 1692d, 1692e, 1692f, and 1692g.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

[1]

4.     Venue and personal jurisdiction over Defendant in this District is proper because Defendant's collection activity impacted Plaintiff here and because Defendant transacts business here.

## PARTIES

5.     Plaintiff is an individual who resides in Brooklyn, Kings County, New York.

6.     Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3)

7.     Defendant is a New York limited liability partnership whose offices are located at 35-16 Bell Boulevard, Suite 201, Bayside, New York 11361.

8.     Upon information and belief, Defendant is a law firm which functions as a collection agency, licensed by the New York City Department of Consumer Affairs, License Number 1317807.

9.     Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.     On or about August 7, 2012, Plaintiff was mailed the collection letter attached hereto as **Exhibit A.** Plaintiff received it in the ordinary course of mail.

11.     Defendant, by virtue of sending the aforementioned **Exhibit A** to Plaintiff, sought to collect from Plaintiff an alleged debt incurred for personal, family, or household purposes, and not for business purposes.

12.     Upon information and belief, the aforementioned **Exhibit A** is a form letter, the body of which is materially similar, if not identical, to hundreds if not thousands of other letters sent by Defendant to consumers throughout the state of New York during the time frame relevant to this complaint

13.     The body of Defendant's form collection letter states the following:

[2]

Please be advised that this office represents the above named creditor, as its debt collector. Our client has turned over your account in the amount indicated above to our office for collection.

Unless you notify our office in writing within thirty (30) days after receipt of this letter that you are disputing the validity of this debt or any portion of it, the debt will be assumed valid by this office. If you do notify us of a dispute, within the thirty (30) day period, then we will obtain verification of the debt and mail it to you. Upon your written request within the thirty (30) day period, we will provide you with the name and address of the original creditor if it is different from the current creditor.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

14.     The Fair Debt Collection Practices Act ("FDCPA"), at 15 U.S.C. § 1692g(a) states the following:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15. Defendant's debt collector letter misstates the statutory presumption of validity as stated in 15 U.S.C. § 1692a(3) by falsely informing the consumer that he must dispute the debt *in writing* in order for the debt not to be presumed valid by the debt collector.

16. Defendant's debt collection letter misstates the method through which the consumer may invoke the statutory validation right as stated in 15 U.S.C. § 1692a(4) by falsely informing the consumer that by merely *notifying* Defendant that the debt is disputed, *without requiring a writing,* that "we will obtain verification of the debt and mail it to you."

17. In the Second Circuit, the question of whether a communication complies with the FDCPA is determined from the perspective of the "least sophisticated consumer." Jacobson v. Healthcare Financial Services, Inc., 516 F. 3d 85 (2nd Cir. 2008).

18. A validation notice must clearly convey the protections available to consumers under the FDCPA. Nero v. Law Office of Sam Streeter, PLLC, 655 F. Supp. 2d 200 (E.D. New York 2009)

19. Defendant's debt collection letter fails to clearly convey the protections available to consumers under the FDCPA, and is misleading to the "least sophisticated consumer."

20. Defendant's collection activities are subject to the FDCPA. Heintz v. Jenkins, 514 U.S. 291 (1995).

21. Defendant's debt collection letter misstates the requirements the requirements of § 1692g(a).

22. Defendant's misstatement of the requirements of § 1692g(a) arise from a mistaken interpretation of the legal requirements of the FDCPA.

23.     The "bona fide error" defense in § 1692k(c) **does not apply** to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA. Jerman v. Carlisle, McNellie, Rini, Kramer, 130 S. Ct. 1605 (2010).

## FIRST CAUSE OF ACTION
### Violation of the FDCPA – 15 U.S.C. § 1692a

24.     The allegations contained in paragraphs 1-22 are incorporated herein by reference.

25.     Defendant's collection letter (**Exhibit A**) violates 15 U.S.C. §§ 1692a, *stated supra,* by falsely informing Plaintiff that he cannot dispute the alleged debt unless he does so in writing, and further, in apparent contradiction to the writing requirement, states that Defendant need only *notify* Plaintiff (without qualification) that the alleged debt is disputed in order to trigger the FDCPA's validation requirement.

26.     The factually incorrect, contradictory language in Defendant's collection letter is misleading to the "least sophisticated consumer," and therefore violative of the FDCPA.

27.     Plaintiff and the putative class are entitled to damages as provided in § 15 U.S.C. § 1692k

## CLASS ALLEGATIONS

28.     The allegations contained in paragraphs 1-26 are incorporated herein by reference.

29.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class of similarly situated individuals.

30.     The class consists of: (a) all consumers with addresses in New York; (b) who were sent a letter the "body" of which is materially similar to **Exhibit A**; (c) on or after a date

one year prior to the filing of this action, and; (e) ending 20 days after the filing of this action. (The "body" of Defendant's letter is shown in paragraph 13, *supra*)

31.    The class is so numerous that joinder is impracticable.

32.    Upon information and belief, there are more than 50 consumers with addresses in New York who were sent a letter the "body" of which is materially similar to **Exhibit A**, on or after a date one year prior to the filing of this action, and ending 20 days after the filing of this action.

33.    There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominate questions are:

a.    Whether the Defendant's debt collection letter is misleading to the least sophisticated consumer, thereby violating the FDCPA

b.    Whether the Defendant is subject to the FDCPA

34.    Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

35.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

36.    A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on whether the Defendant's collection letters would mislead the "least sophisticated consumer" and not the individual class member. Such large scale deception is unlikely to be comprehensively detected or remedied without a class action.

[6]

**WHEREFORE**, plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant for:

a.    Statutory damages;

b.    Attorney's fees, litigation expenses and costs of suit;

c.    Such other or further relief as the Court deems proper.

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, New York 11556-0626
Telephone      (516) 522-2621
Facsimile      (888) 522-1692
E-mail:          akleinman@kleinmanllc.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

Abraham Kleinman (AK-6300)

**EXHIBIT A**

# PANTERIS & PANTERIS, LLP

**Attorneys at Law**
35-16 Bell Boulevard, Suite 201
Bayside, NY 11361

---

Tel: (718) 281-2154
Fax: (718) 281-4746
E-mail: info@panterislaw.com
(New York City Department of Consumer Affairs License Number 1317807)

August 7, 2012

ODEL STROBEL
174 Parkville Avenue
Brooklyn NY 11230

Re:    Creditor: American Express
       Our File #: 00-25706
       Balance Due: $14,851.02

Dear Mr. Strobel :

Please be advised that this office represents the above named creditor, as its debt collector. Our client has turned over your account in the amount indicated above to our office for collection.

Unless you notify our office in writing within thirty (30) days after receipt of this letter that you are disputing the validity of this debt or any portion of it, the debt will be assumed to be valid by this office. If you do notify us of a dispute, within the thirty (30) day period, then we will obtain a verification of the debt and mail it to you. Upon your written request within the thirty (30) day period, we will provide you with the name and address of the original creditor if it is different from the current creditor.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

Very truly yours,

PANTERIS & PANTERIS, LLP

Alexia L. Panteris
AlP;ds